# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HARRIS', et al, § | |
| Plaintiffs, § | |
| V. § | _____CV_____ |
| § | |
| OFFICER JOHN DOE, et al. § | Jury Trial Demanded |
| Defendants. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Now comes Plaintiffs, Dineya Harris ("Ms. Harris") in and through Regena Harris, and Keishanti Price ("Ms. Price"), by their attorneys Allie R. Booker and Joseph K. Plumbar and complaining of Defendants Officer John Doe, named in Internal Affairs IA 2015-00857, referred to herein as "John Doe ", Sheriff Ron Hickman, herein referred to as "Mr. Hickman", Harris County Sheriff's Office, herein referred to as "HCSO," (collectively "Defendant Officers"), and unknown Defendants for violations of 42 U.S.C. § 1983 including but not limited to excessive force and assault and battery.

## Introduction

Plaintiffs" file this action seeking redress for wrongful conduct of Officer John Doe, Mr. Hickman, HCSO, Plaintiffs bring this action pursuant to, among other legal base, 42 U.S.C. § 1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any right, privileges, or immunities secured by the Constitution and law of the United States, under color of state law.

**Preliminary Statement**

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendment to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

This action is for damages arising out of violations of federal law and state torts detailed below in an amount greater than $200,000.00. The acts and practice constituting the violation alleged below have occurred within the jurisdiction of the United States Court, in and for the Southern District of Texas. In connection with the acts, practice, and violations alleged below, all Defendants have either directly or indirectly violated both Plaintiffs' constitutional rights, by creating and engaging in a practice of the use of excessive force, assault, battery and intentional infliction of emotional distress. As a result of the wrongful conduct of the Defendants, which was effected with full knowledge of and callous indifference to the constitutional rights of the Plaintiffs, said Plaintiffs have suffered irreparable harm of the loss of their constitutional rights to be free from pain and suffering, and all other damages effectuated through the acts of Defendants under the color of law.

**Jurisdiction**

Federal question jurisdiction is proper pursuant to 28 U.S.C. 1331, 1343 (3), and 1983 as Plaintiffs claims arise of the deprivation of Plaintiffs' rights, privilege and immunities under the Constitution and laws of the United States. Plaintiffs seek attorneys' fees and costs as prevailing party for these claims pursuant to 28 U.S.C. § 1988.

The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367, because each claim arises from the same controversy and from a common nucleus of operative fact.

Venue in the United States Southern District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the Defendants reside, and in which a substantial part of the events or omissions giving rise to Plaintiffs claims occurred.

Please see **Exhibit 1**, *Emergency Order on Statutes of Limitations in Civil Cases.*

## **The Parties**

1. Dinaya Harris' is a minor and resident of the County of Harris, State of Texas and the United States of America. Her mother, Regena Harris is her next of friend and named Plaintiff in this lawsuit. Regena Harris is a resident of the County of Harris, State of Texas and the United States of America.
2. Keishanti Price is a resident of the County of Harris, State of Texas and the United States of America.
3. At all times referred herein, Defendant Officers, John Doe and Mr. Hickman were employed by the Harris County Sheriff's Office.
4. Plaintiff sues all defendants in their individual and official capacities.
5. At all times referred to herein, Defendants acted under color of law, statutes, ordinances, regulations, policies, customs, and usages of the State of Texas.

**Facts**

6. Plaintiffs hereby incorporate paragraphs are set forth above, and are herein incorporated by reference.

7. On or about the evening of September 20, 2015, the Plaintiffs were riding with a male friend to Plaintiff Price's residence. When Plaintiff Price attempts to enter her residence, she notices it is locked.

8. Plaintiffs and male friend decide to pull to a location and park as they make calls in an effort to determine where they are going to go since Plaintiff Price is locked out.

9. John Doe approaches the vehicle with high and low beam lights activated in an effort to blind the occupants in the vehicle.

10. Officer John Doe then asks the ladies out step out of the vehicle individually. Each lady that exits the vehicle is run through the Officers identification system in his cruiser and is sexually accosted by the Officer.

11. During the conversation with each Plaintiff, the officer sexually assaults the ladies by groping their areas and breasts before releasing them.

12. Before the male is released he is also made to step out of the vehicle. The male is searched, and he is threatened by the officer and told that he should "never be seen again or else he will be arrested."

13. Both Ms. Harris' and Ms. Price both filed complaints with HCSO regarding this excessive force and abuse endured at the hands of the Defendant Officer John Doe.

## Count 1- Excessive Force

14. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

15. As a result of the Defendants' unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

16. This conduct violated the Fourth and Fourteenth Amendment to the United States Constitution, and hence 42 U.S.C. §1983.

17. This misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Ms. Harris and Ms. Price's constitutional rights while detained by officer.

18. The aforementioned actions of the Defendants were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

19. As a result of the unjustified violation of Ms. Harris and Ms. Price's rights by the Defendants, Ms. Harris and Ms. Price have suffered injury, including emotional distress.

## Count 2 – State Law Claim: Assault

20. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

21. As described in the preceding paragraphs, Sexual and offensive contact was made by the defendant officer John doe with the person of Ms. Harris and Ms. Price in and through the groping of their private areas and breasts;

22. Defendants knew or reasonably should have believed plaintiffs would regard the contact as offensive or provocative;

23. Defendant's contact caused injury to plaintiffs.

24. The actions of the Defendants were undertaken intentionally, with malice and reckless indifference to Ms. Harris and Ms. Price's rights.

25. The misconduct described in this Count was objectively unreasonable and was undertake intentionally with willful indifference to Plaintiffs' constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

26. As a result of the unjustified violation of Plaintiffs' rights by the Defendants, Plaintiffs has suffered injury, including emotional distress.

## Count 3- State Law Claim Battery

27. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

28. Injurious contact was made by the defendant officer John doe with the person of Ms. Harris and Ms. Price in and through the groping of their private areas and breasts;

29. The resulting bodily injury of both Ms. Harris and Ms. Price were foreseeable due to officer John Doe's previous conduct;

30. Ms. Harris and Ms. Price actually suffered pain, illness or impairment as a result of the contact.

31. The actions of the Defendants were undertaken intentionally, with malice and reckless indifference to Ms' Harris and Ms. Price's rights and in his official capacity.

32. The misconduct described in this Count was objectively unreasonable and was undertake intentionally with willful indifference to Plaintiffs' constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

33. As a result of the unjustified violation of Plaintiffs' rights by the Defendants, Plaintiffs has suffered injury, including emotional distress.

## Count 4 – Federal and State Law Claims of Intentional Infliction of Emotional Distress

34. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

35. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including but not limited to:
    a. Harassing the Plaintiffs;
    b. Sexually assaulting and touching the private areas of Plaintiffs in an inappropriate manner and for sexual gratification of Officer John Doe;

36. The Defendants knew their conduct would cause severe emotional distress to the Plaintiffs and knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. As a proximate result of this misconduct, Plaintiffs suffered injuries, including but not limited to severe emotional distress.

39. The misconduct described in this Count was objectively unreasonable and was undertake intentionally with willful indifference to Plaintiffs' constitutional rights,

specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

**Liability of Mr. Hickman and HCSO**

40. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

41. Sheriff Ron Hickman, herein referred to as "Mr. Hickman" was Sheriff of the Harris County Sheriff's Department, and as such, he was the commanding officer of Defendant officer John Doe and was responsible for the training, supervision, and conduct of defendant John Doe as more fully set forth below. Defendant Hickman. is further responsible by law for enforcing the regulations of the State of Texas and for ensuring that Harris County sheriff's Office Officers obey the laws of State of Texas and the United States of America.

42. Not only did Mr. Hickman refuse to pull officer John Doe off of active duty, he failed to subject Office John Doe to a lie detector test. Additionally, Mr. Hickman knew or had reason to know of defendant John Doe's propensity to conduct himself in inappropriate manners and with disregard for the policies of the Harris County Sheriff's Office yet failed to respond accordingly either through suspension, termination, retraining the defendant, or by instituting disciplinary action that could deterred such conduct in the future, i.e., the conduct that Plaintiffs complain of.

43. The Harris County Sheriff's Office is endowed with the authority to make policy for the HCSO on the use of force in making arrests, performing and policy violations by Police Officers, and they were aware that the Agency's policies regarding the

discipline of officers accused of excessive force and policy violations were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force and violation of Harris County policies; and the failure to correct said policies caused the excessive force and intrusive illegal search to be used upon plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

44. At all times relevant to this complaint, defendant officer John Doe was acting under the direction and control of defendants Mr. Hickman and the HCSO, and were acting pursuant to the official policy, practice, or custom of the Harris County Sheriff's Office (HCSO).

45. Acting under color of law and pursuant to official policy, practice, or custom, Mr. Hickman and the HCSO intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendant officer John Doe in his duty to refrain from unlawfully and maliciously assaulting and cavity searching citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest.

46. Acting under color of law and pursuant to official policy, practice, or custom, defendants Mr. Hickman and HCSO intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendant officer John Doe, on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, the proper use of a search, and the proper procedure for a search, including probable cause to search.

47. Defendants Mr. Hickman and HCSO, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant officer John Doe. heretofore described.

## Jury Demand

48. Plaintiffs hereby respectfully request trial by jury.

## Prayer

49. Wherefore, plaintiffs respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in the amount approved at trial;

    b. For exemplary and punitive damages against all Defendants.

    c. For costs of suits herein, including plaintiffs' reasonable attorney fees;

    d. For such other and further relief as the Court deems proper.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

*/S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile

**LAW OFFICE OF JOSEPH K. PLUMBAR**
/S/Joseph K. Plumbar_
JOSEPH K. PLUMBAR
Federal Bar No. 1493814

1200 Rothwell
Houston, Texas 77002
(713) 384-5507 (office)
(866) 252-3048 (facsimile)

## NOTICE OF ELECTRONIC FILING

I, Allie R. Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 20th day of September 2017.

/S/Allie R. Booker
**ALLIE R BOOKER**