IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **REGENA HARRIS, et al.** | § § | |
| **Plaintiffs,** | § § | |
| v. | § § § | **CASE NO. 4:17-CV-02830** |
| **HARRIS COUNTY, OFFICER JULIAN ESPINOZA, individually, and SHERIFF RON HICKMAN, individually,** | § § § § | |
| **Defendants.** | § § § | |

## O R D E R

Pending before the Court is Defendants Harris County and former Sheriff Ron Hickman's Motion for Summary Judgment. **(Instrument No. 28)**.

Plaintiffs Regena Harris, as next friend of minor D.H., and Keishanti Price ("Plaintiffs") allege that Defendant Officer Julian Espinoza ("Espinoza"), originally named as John Doe, stopped to investigate them while they were inside a parked car, and inappropriately searched and groped them. (Instrument No. 1 at 3-4). The originally named Defendants, Harris County, Harris County Sheriff's Office, former Harris County Sheriff Ron Hickman, and Espinoza, filed a Partial Motion to Dismiss, which this Court granted on April 19, 2018. (Instrument No. 21). After the Motion was granted, Plaintiffs had outstanding claims for excessive force brought under 42 U.S.C. § 1983 against Espinoza individually, former Sheriff Ron Hickman ("Hickman") individually, and Harris County.

On November 1, 2018, Harris County and Hickman filed their Motion for Summary Judgment, contending that Plaintiffs have no evidence of policy or custom for their *Monell* claim

1

against Harris County. (Instrument No. 28 at 9-10). Harris County and Hickman further assert that qualified immunity bars Plaintiffs' claim against Hickman in his individual capacity. *Id.* at 19-20.

Plaintiffs' Response generally asserts that Harris County and Hickman's failure to enforce their dash-cam policy leads to constitutional violations. (Instrument No. 42 at 10-16). However, their Response to the Motion for Summary Judgment fails to respond to the legal issues regarding their *Monell* claim or Hickman's defense of qualified immunity. Failure to properly address another party's assertion of fact does not necessarily result in the granting of a motion for summary judgement by default. Fed. R. Civ. P. 56(e). However, the Court has the authority to consider a fact undisputed when the response fails to address the fact. Fed. R. Civ. P. 56(e)(2). Accordingly, the Court considers all fact issues Plaintiffs failed to address in Defendants' Motion for Summary Judgment as undisputed.

For Plaintiffs to prevail in their municipal liability claim, they must establish (1) a policymaker; (2) an official policy or custom; and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). In their Response, Plaintiffs contend that Harris County and Hickman failed to train their officers on Harris County's dash-cam policy and failed to enforce their dash-cam policy. (Instrument No. 42 at 10-12). Plaintiffs have not alleged that the failure to enforce the dash-cam policy is in and of itself the constitutional deprivation. They have also failed to show that any alleged failure to enforce the dash-cam policy was the "moving force" behind the alleged inappropriate search of Plaintiffs. Plaintiffs must do more than simply assert that stricter compliance with the dash-cam policy could have prevented the alleged excessive force. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989) ("In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a

§ 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident."). Plaintiffs must show a direct causal link between Harris County's dash-cam practices and the inappropriate search. *Piotrowski*, 237 F.3d at 580. Because Plaintiffs rely on conclusory allegations and unsubstantiated assertions to support their *Monell* claim, Defendants have shown that summary judgment is appropriate. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Harris County and Hickman further contend that qualified immunity bars Plaintiffs' claim against Hickman in his individual capacity. (Instrument No. 28 at 19-20). To determine whether qualified immunity applies, a court engages in a two-part inquiry asking: first, whether taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and second whether that right was clearly established. *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017). Ordinarily, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiffs have presented no evidence that Hickman personally trained, disciplined or ratified Defendant Espinoza's conduct, or was otherwise personally aware of the allegations. Moreover, § 1983 does not hold supervisory officials liable based on a theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Because Plaintiffs fail to show a sufficient causal connection between Hickman and the alleged constitutional violation, qualified immunity bars their claim against Hickman.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Harris County and former Sheriff Ron Hickman's Motion for Summary Judgment is **GRANTED. (Instrument No. 28).** Plaintiffs' claims against Harris County and former Sheriff Ron Hickman are

**DISMISSED**. The case will proceed with Plaintiffs' § 1983 claim against Defendant Espinoza in his individual capacity only.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the ‍ day of April, 2019, at Houston, Texas.

                                              **VANESSA D. GILMORE**
                                       **UNITED STATES DISTRICT JUDGE**